UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAVA CULTURE FRANCHISE
GROUP CORP., a Florida corporation,

       Plaintiff,

v.   Case No:   2:23-cv-278-JLB-KCD

DAR-JKTA ENTERPRISES LLC, a
Texas limited liability company,
DARRIGAN INVESTMENTS LLC,
a Texas limited liability company,
DAVID DARRIGAN, an individual,
JOHNNY QUBTY, an individual,

       Defendants.
_____/

## ORDER

       This is an action by a franchisor, Kava Culture Franchise Group Corporation ("Plaintiff"), seeking, among other things, to enforce non-compete clauses in two franchise agreements (referred to herein as the "Franchise Agreements"). This Court previously granted a temporary restraining order preventing one of the defendants from operating a competing business in violation of one of the non-compete provisions. (*See* Doc. 13 at 18–19).

       At issue is whether the case should proceed in the United States District Court for the Middle District of Florida given the identical forum-selection clause in the Franchise Agreements. The Court conducted a hearing addressing this issue, (*see* Doc. 34; Doc. 42), and provided the parties time to brief this issue after that hearing (*see* Doc. 43).

1

The forum-selection clause in the Franchise Agreements states that "[j]urisdiction and venue of any lawsuit between the parties hereto shall be in the Lee County Court in Fort Myers, Florida, U.S.A." (Doc. 2-2 at 28, § 18.03; Doc. 2-3 at 31, § 18.03).

The Eleventh Circuit has explained that a plaintiff generally dictates where a case will proceed. "A plaintiff's choice of forum is entitled to deference, and there is a presumption in favor of a plaintiff's choice." *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009). But where parties have agreed to a valid forum-selection clause, the plaintiff's choice of forum "merits no weight" and "a district court should ordinarily transfer the case to the forum specified in that clause." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 62–63 (2013). Absent "extraordinary circumstances unrelated to the convenience of the parties," a forum-selection clause should be enforced. *Id.* at 52. And "the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64.

Plaintiff and Defendants agree that the Franchise Agreements contain a forum-selection clause, but Plaintiff requests that the Court either ignore the clause or stretch its meaning beyond the words included in such clause. (*See* Doc. 48). And although Defendants initially argued that the forum-selection clause was unenforceable because it was part of an "illegal" contract (*see* Doc. 29 at 2), they changed course in later briefing, agreeing that the Court should dismiss this matter because it does not comply with the forum-selection clause. (*See* Doc. 47 at 3).

I.     Whether the forum-selection clause is enforceable.

First, this litigation clearly falls under the forum-selection clause because the text describing its subject matter is incredibly broad: "Jurisdiction and venue of ***any lawsuit between the parties hereto*** shall be in the Lee County Court." (Doc. 2-2 at 28, § 18.03; Doc. 2-3 at 31, § 18.03) (emphasis added).

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citation omitted).

> A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy.

*Id.* Defendants initially seemed to argue that enforcement of the forum-selection clause would contravene public policy because the Franchise Agreements are illegal under Texas law. (*See* Doc. 29 at 4–5). In their subsequently filed brief addressing the impact of the forum-selection clause, Defendants switched gears and asserted that the Court should enforce the forum-selection clause. (*See* Doc. 47). Nevertheless, the Court addresses this argument since it is part of the record and because Plaintiff suggests that the Court need not enforce the forum-selection clause because Defendants have alleged fraud. (*See* Doc. 48 at 8–9).

Defendants have not made a "strong showing" that the forum-selection clause in the Franchise Agreements was the product of fraud. The Eleventh Circuit has

3

found that a party's "reliance on [a] broader alleged fraudulent scheme . . . is a nonstarter." *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1298 (11th Cir. 2021).

> The fraud exception 'does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather, it means that a[] . . . forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion.

*Don't Look Media LLC*, 999 F.3d at 1298 (alterations in original) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974)).  Defendants do ***not*** allege that inclusion of ***the forum-selection clause*** in the Franchise Agreements was the product of fraud. And their allegations that the overall Franchise Agreements are void and unenforceable are unpersuasive and, in fact, abut conclusory.  Even assuming the Franchise Agreements were, somehow, void and unenforceable, that would not impact the enforceability of the agreed-upon forum-selection clause the Franchise Agreements prescribed—the Lee County Court.  *See Rucker v. Oasis Legal Fin., L.L.C.*, 632 F.3d 1231, 1237–38 (11th Cir. 2011) (rejecting premise that a forum selection clause could not be given effect because it was included within a contract that was void as a matter of law, and stating that "[a] forum selection clause is viewed as a separate contract that is severable from the agreement in which it is contained"); *AFC Franchising, LLC v. Purugganan*, 43 F.4th 1285, 1293 (11th Cir. 2022) ("[A] forum-selection clause isn't automatically rendered unenforceable if one of the parties claims that the contract of which it is part is void or voidable due to fraud, illegality, etc.").

4

Thus, the Court finds that the forum-selection clause itself is enforceable and need not decide whether the overall Franchise Agreements are illegal, void, or unenforceable.

II.     Whether the forum-selection clause is mandatory.

Having found that the forum-selection clause applies to this matter and is enforceable, the Court addresses Defendants' argument that the forum-selection clause is not mandatory. Defendants seem to have reneged on this argument, now arguing that the clause is enforceable (*see* Doc. 47), but the Court addresses it in an abundance of caution.

"[C]ourts frequently classify forum selection clauses as either permissive or mandatory." *Global Satellite Comm. Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). While a permissive clause "***authorizes*** jurisdiction in a designated forum," a mandatory clause "***dictates an exclusive forum*** for litigation under the contract." *Id.* (emphasis added) (citing *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999)). Moreover, a forum-selection clause "may constitute a waiver of a defendant's right to remove an action to federal court" and the Eleventh Circuit has held that "the determination of whether such a clause constitutes a waiver, in the context of removal based solely on diversity jurisdiction, is to be determined according to ordinary contract principles." *Id.*

Defendants initially argued that the forum-selection clause is permissive, seemingly because it includes the word "shall." (Doc. 29 at 2). The word "shall" can be permissive in some contexts. For example, a forum-selection clause stating that

5

a court "shall have jurisdiction" has been found to be permissive because it states only that a court has jurisdiction, not that a particular court is the only court that has jurisdiction. *See First State Bank of Nw. Arkansas v. Georgia 4-S Investments LLP*, 418 F. App'x 838, 839 (11th Cir. 2011) (where forum selection clause stated that a party "agree[d] that the courts of the State of Georgia shall have jurisdiction to hear and determine" certain disputes, the district court held [and the Eleventh Circuit agreed] that the clause did not preclude suit in a federal court in Georgia because "[t]he clause [did] not contain any language indicating exclusivity," only requiring that the party must submit to the jurisdiction of Georgia state courts, but not mandating that all litigation falling under the clause occur there).

But where a contract provision states that "[v]enue shall be in" a place, the Eleventh Circuit has found that "because it uses the imperative 'shall,'" the provision is most reasonably interpreted to ***mandate*** venue in that specific area. *See Global Satellite Communication Co.*, 378 F.3d at 1272 (emphasis added). Defendants seem to have misunderstood the *Global Satellite* case to support their reading that the forum-selection clause here is permissive. In *Global Satellite*, the contract provision stated that "[v]enue shall be in Broward County," which the Court found did not designate any particular forum, but rather mandated that the suit take place somewhere in Broward County, "such that a suit either in the Seventeenth Judicial District of Florida, or in the Fort Lauderdale Division of the Southern District of Florida, both of which are located in Broward County, would satisfy the venue requirement." *Id.* In other words, the forum-selection clause

6

there was not permissive; it merely failed to designate a particular court in Broward County, Florida. *See City of West Palm Beach v. Visionair, Inc.*, 199 F. App'x 768, 770 (11th Cir. 2006) (explaining that in *Global Satellite*, the Eleventh Circuit held that "the clause mandated venue in Broward County but, because it did not specify a forum, the clause permitted venue in either the Seventeenth Judicial Circuit . . . or the Fort Lauderdale Division of the Southern District of Florida, both of which are located in Broward County").

Here, the forum-selection clause, unlike the clause in *Global Satellite*, specifically designates a particular forum (court)—"[j]urisdiction and venue of any lawsuit between the parties . . . shall be in **the** Lee County Court in Fort Myers, Florida." (Doc. 2-2 at 28, § 18.03; Doc. 2-3 at 31, § 18.03) (emphasis added). This provision unambiguously designates the Lee County Court, a Florida state court, as the only proper forum for this suit.

Plaintiff argues that "[t]here is no 'the' Lee County Court" and the forum-selection clause is only mandatory "insofar as it says that a lawsuit must be brought in the Court sitting in Lee County, Florida – which includes this one." (Doc. 48 at 3–4). This Court disagrees. "When the language of a contract is clear and unambiguous, courts must give effect to the contract as written and cannot engage in interpretation or construction as the plain language is the best evidence of the parties' intent." *Talbott v. First Bank Fla., FSB*, 59 So.3d 243, 245 (Fla. 4th DCA 2011) (citation omitted). Extrinsic evidence may only be considered where "a contract term is susceptible to more than one reasonable interpretation." *Id.* The

7

plain language of the clause is that it designates ***the*** Lee County Court as the mandatory venue for this action.  *See* Art. V, § 6, Fla. Const. ("There shall be a county court in each county. . . The county courts shall exercise the jurisdiction prescribed by general law.").

The Court cannot discern more than one meaning from the plain and unambiguous language of the forum-selection clause.  Accordingly, it finds that the forum-selection clause provides for mandatory venue in the Lee County Court—a Florida state court.

> III. <u>Whether this matter should be dismissed because of the forum-selection clause.</u>

Finally, the Court analyzes whether this matter should be dismissed because of the forum-selection clause.  As a threshold matter:

> The Supreme Court [has] held that the appropriate procedural vehicles to enforce a forum-selection clause were either a motion to transfer under § 1404(a) (when the clause points to a particular federal district) or a motion to dismiss under the doctrine of *forum non conveniens* (when the clause points to a state or foreign forum).

*Schrenkel v. LendUS, LLC*, No. 2:18-cv-382-FtM-29CM, 2018 WL 5619358, at *4 (M.D. Fla. Oct. 30, 2018) (citing *Atl. Marine Constr. Co., Inc.*, 571 U.S. at 52, 59–60).

There is no motion to dismiss for *forum non conveniens* pending in this matter.  But there is a "long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of *forum non conveniens* . . . so long as the parties are first given the opportunity to present their views on the issue." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).  And the Eleventh Circuit has

8

found that *sua sponte* transfers to another federal venue offer a helpful analogy when discussing *sua sponte* dismissals under the doctrine of *forum non conveniens*. *See id.*, 631 F.3d at 1336 (finding that the district court abused its discretion because it failed to provide a party with notice of its intent to dismiss or an opportunity to respond).

    The parties have had multiple opportunities to express their views on whether this matter should be transferred or dismissed. First, the Court entered an order directing Plaintiff to show cause as to why the matter should not be transferred to the Eastern District of Texas. (*See* Doc. 19). Plaintiff filed a ten-page response (*see* Doc. 26) and Defendants filed a six-page reply (*see* Doc. 29). Then, the Court informed the parties that they should "be prepared to present argument on the issues raised in the Court's Order to Show Cause" at a hearing that took place on May 11, 2023. (Doc. 34). Then, after discussing the issue of the forum-selection clause at the hearing, the Court directed the parties to file additional briefing in response to the issues with venue set forth at the hearing. (Doc. 43). Plaintiff then filed Plaintiff's Supplemental Brief Regarding Venue (Doc. 48) and Defendants filed Defendants' Brief in Support of Dismissal (Doc. 47). The Court finds that the parties have had ample notice of the Court's intent to either transfer or dismiss this matter because the District Court for the Middle District of Florida is not the proper forum.

    Plaintiff has the burden of showing that dismissal of its complaint for refiling in state court—"the forum for which the parties bargained"—is unwarranted. *See*

9

*Atlantic Marine Const. Co., Inc.*, 571 U.S. at 63–64 ("[P]laintiff's choice of forum merits no weight . . . [and] as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted"); *see also Pappas v. Kerzner Intern. Bahamas Ltd.*, 585 F. App'x 962, 967 (11th Cir. 2014) ("*Atlantic Marine* . . . makes clear that, because of the forum-selection clause, the [plaintiffs] had the burden of showing that dismissal of the complaint for refiling in the Bahamas . . . was unwarranted.").

The only factors relevant to whether Plaintiff has met its burden are public interest factors, such as "the administrative difficulties flowing from court congestion[,] the local interest in having localized controversies decided at home[,] and the interest in having the trial of a diversity case in a forum that is at home with the law." *Pappas*, 585 F. App'x at 967.  Plaintiff opines that the parties have submitted numerous substantive briefs in this case, that the Court is already familiar with the facts and law that apply to this case, and that sending the case to another Court would result in "additional, unnecessary expenditure of the receiving Court's resources and the parties['] resources in re-briefing and re-arguing the issues that already have been presented to this Court." (Doc. 48 at 8).  The Court is certainly cognizant of the importance of conserving judicial resources, but Plaintiff has not demonstrated that the burden on the court system is so unusual or extraordinary as to justify overriding the forum-selection clause.  *See Atl. Marine Const. Co., Inc.*, 571 U.S. at 63 ("[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases.").  Plaintiff does not dispute

10

that Florida state law applies to some of the claims or that the suit has a substantial relationship to Florida. And Plaintiff does not claim that litigating in Lee County Court would cause court congestion.

Plaintiff has failed to show that any public-interest consideration weighs in favor of this forum or render this dispute the exceptional case that should overrule a valid forum-selection clause. Accordingly, the Court will enforce the forum-selection clause and note that should Plaintiff wish to proceed in its claims against Dar-Jkta Enterprises, LLC, David Darrigan, and/or Johnny Qubty, the proper forum to do so under the plain and unambiguous language of the Franchise Agreements is the Lee County Court—a Florida state, not federal, court.

IV.   <u>Whether the forum selection clause applies to Darrigan Investments LLC.</u>

Plaintiff argues that "[w]hether or not the forum selection clause is enforceable, it is inapplicable to Darrigan Investments LLC" because "Darrigan Investments LLC did not sign either of the Franchise Agreements." (Doc. 48 at 7). The Court finds that keeping this case against Darrigan Investments LLC while the remainder of the case continues elsewhere would be the peak of judicial inefficiency and a waste of overall judicial resources. Nevertheless, as a matter of process, the Court shall allow Plaintiff to file an amended complaint against Darrigan Investments LLC if it wishes to pursue what may be financially costly, piecemeal litigation for the same overarching issue.

## CONCLUSION

For the reasons set forth above, it is **ORDERED** that:

1) This case is **DISMISSED** under the plain and unambiguous language of the forum-selection clause as to Dar-Jkta Enterprises, LLC, David Darrigan, and Johnny Qubty. The proper forum to file is the Lee County Court, a Florida state court.

2) The Court **DISMISSES** without prejudice as to Darrigan Investments LLC. The Clerk of Court is **DIRECTED** to terminate all existing deadlines and deny all pending motions as moot.

3) No later than June 1, 2023, Plaintiff may file an amended complaint against Darrigan Investments LLC only. If Plaintiff chooses to proceed in litigation against all Defendants in a different forum, the Court requests that Plaintiff file a notice with this Court advising it of such. Otherwise, the Court will, without further notice, order the closure of this case if an amended complaint solely against Darrigan Investments LLC is *not* filed by June 1, 2023.

**ORDERED** in Fort Myers, Florida on May 18, 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE