UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 2:23-cv-00278

KAVA CULTURE FRANCHISE GROUP CORP., a Florida corporation,

        Plaintiff,

v.

DAR-JKTA ENTERPRISES, LLC, a Texas limited liability company, DARRIGAN INVESTMENTS LLC, a Texas limited liability company, DAVID DARRIGAN, an individual, and JOHNNY QUBTY, an individual,

        Defendants.

**MOTION TO VACATE DISMISSAL WITHOUT PREJUDICE, REINSTATE CASE AGAINST DARRIGAN INVESTMENTS, LLC, AND PERMIT PLAINTIFF TO FILE AN AMENDED COMPLAINT AGAINST DARRIGAN INVESTMENTS, LLC, ONLY**

Plaintiff, Kava Culture Franchise Group Corp. ("Plaintiff" or "Kava Culture") files this Motion to Vacate Dismissal without Prejudice, Reinstate Case against Darrigan Investments, LLC, and to Permit Plaintiff to File Amended Complaint against Darrigan Investments, LLC, only, and states in support thereof:

**Limited Statement of Facts[1]**

Kava Culture is the franchisor of a System providing a fast-casual kava and elixir bar experience to the general public. See ECF No. 1, ¶ 10. On or about May 20, 2021, Kava Culture

---

[1] As discussed below, and as likely known to the Court, this case initially amassed a large number of filings. As such, Kava Culture is submitting this "Limited Statement of Facts" and relies on its various other filings, including, but not limited to, the Verified Complaint filed herein. See ECF No. 1.

1

entered into a Franchise Agreement with David Darrigan ("Darrigan" or "Dr. Darrigan") in connection with the operation of a Kava Culture Kava Bar to be located in Denton, Texas (the "Denton Location"). See id. at ¶ 19.

Dr. Darrigan operated the Denton Location through Defendant, Darrigan Investments, LLC ("Darrigan Investments" or "Investments"). See id. at ¶ 7. Further, Kava Culture has compiled evidence of this, including:

- Darrigan Investments entered into a Lease Agreement for the Denton Location in which it was referred to as "Darrigan Investments, LLC d/b/a Kava Coulture"[2] (Tenant). See Exhibit A hereto;

- Darrigan Investments – as the operating entity of the Denton Location – nearly each month sent financial reports to Plaintiff's corporate offices in Ft. Myers, Florida. See Exhibit B hereto;

- Darrigan Investments did so in accordance with the applicable franchise agreement, which required its signatories to submit "reports of Gross Revenues, reports of business expenses and overhead . . . ";

- For instance, in or about March 2023, Darrigan Investments submitted a Profit and Loss Statement for February 2023, which included the header:

> Darrigan Investments LLC, DBA Kava Culture Denton
> Profit and Loss
> February 2023

See Exhibit C hereto. Furthermore, Dr. Darrigan has admitted that Darrigan Investments was his operating entity – in a sworn declaration. See Exhibit D hereto ("Darrigan Investments, LLC serves

---

[2] Kava Culture acknowledges that the Darrigan Investments' Lease includes a scriveners error, but the intent is clear. Particularly where, as here, Darrigan Investments (admittedly) operated a Kava Culture location, not a "Kava Coulture" business.

2

espresso and Kava to neighborhood customers near its kava bar in North Dallas, Texas."). And, certainly, Darrigan Investments' actions and opportunities were entirely derivative of the franchise agreement between Kava Culture and Dr. Darrigan.

### Procedural History

**1. This Federal Action**

Plaintiff filed the instant action against Darrigan Investments, and others, via Verified Complaint, on April 20, 2023. See ECF No. 1. Simultaneously therewith, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (see ECF No. 4), which this Court granted on April 27, 2023 (the "TRO"). See ECF No. 13.[3] Thereafter, Darrigan Investments, amongst others, filed various motions, including a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (see ECF No. 14), "Emergency Motion" to Stay (see ECF No. 16) (which was subsequently stricken), Emergency Motion to Stay and Dissolve *Ex Parte* Temporary Restraining Order (see ECF No. 20), and Motion to Strike (see ECF No. 41). None of these motions – and certainly not the initial filing, the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) – sought Darrigan Investments' dismissal for lack of personal jurisdiction. Darrigan Investments also made a number of appearances, including at a preliminary injunction hearing, and via a number of filings. See, e.g., ECF Nos. 18, 29, 30, 35, 39, 40, 47, 49, and 50.[4]

---

[3]   Finding good cause, the Court subsequently extended the TRO through May 25, 2023. See ECF No. 43.

[4]   In total, Darrigan Investments made in excess of twelve submissions to this Court, including, but not limited to:

| Date | Appearance/Action |
|---|---|
| April 27, 2023 | Filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) |
| April 27, 2023 | Filed a Motion for Special Admission of Adam Allen, Esquire |
| April 27, 2023 | Filed an Emergency Motion to Stay TRO |
| April 28, 2023 | Filed a Supplemental Declaration of Dr. David Darrigan |

3

During the course of the litigation, the appropriate forum for litigation became a concern of the Court. See ECF No. 19. After considering briefing and oral argument from the parties, the Court dismissed the Verified Complaint, without prejudice, holding as follows:

> 1) This case is **DISMISSED** under the plain and unambiguous language of the forum-selection clause as to Dar-Jkta Enterprises, LLC, David Darrigan, and Johnny Qubty. The proper forum to file is the Lee County Court, a Florida state court.
>
> 2) The Court **DISMISSES** without prejudice as to Darrigan Investments LLC. The Clerk of Court is **DIRECTED** to terminate all existing deadlines and deny all pending motions as moot.
>
> 3) No later than June 1, 2023, Plaintiff may file an amended complaint against Darrigan Investments LLC only. If Plaintiff chooses to

| | |
|---|---|
| April 28, 2023 | Filed a Motion to Dissolve TRO |
| April 29, 2023 | Filed a Reply to the District Court's Order to Show Cause |
| April 30, 2023 | Opposed a Renewed Motion for TRO and Preliminary Injunction |
| May 5, 2023 | Filed a Reply to Motion to Dissolve TRO |
| May 9, 2023 | Filed a Witness List in Advance of Hearing |
| May 9, 2023 | Filed an Exhibit List in Advance of Hearing |
| May 10, 2023 | Filed a Motion to Strike Plaintiff's Reply Brief |
| May 15, 2023 | Filed a Supplemental Brief in Support of Dismissal |

These filings and, in particular, the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (see ECF No. 14), constitute waiver of any defense to personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Specifically, Rule 12(h)(1)(A) provides that a defense of lack of personal jurisdiction is waived by "omitting it from a motion in the circumstances described in Rule 12(g)(2)." Rule 12(g)(2) provides "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Since a personal jurisdiction defense was "available" to Darrigan Investments when it made its Motion to Dismiss, and a Rule 12(b)(6) motion is a "motion under this rule [Rule 12]," the defense of personal jurisdiction was waived by Darrigan Investments.

Undoubtedly, "[i]t is well-settled that lack of personal jurisdiction is a waivable defect, and that a defendant waives any objection to the district court's jurisdiction over his person by not objecting to it in a responsive pleading or a Fed. R. Civ. P. 12 motion." Palmer v. Braun, 376 F.3d 1254, 1259 (11th Cir. 2004); see also Hinkle v. Continental Motors, Inc., 2018 WL 10096594, at *4 (M.D. Fla. July 12, 2018) (holding that defendant had waived its objection to personal jurisdiction by failing to challenge it in its initial Rule 12(b)(6) motions to dismiss); Lochren v. Horne LLP, 2022 WL 14065521, at *4 n.4 (holding that "a party who fails to object to personal jurisdiction in the first of either his answer or Rule 12 motion waives the objection") (quoting Hinkle).

4

>proceed in litigation against all Defendants in a different forum, the Court requests that Plaintiff file a notice with this Court advising it of such. Otherwise, the Court will, without further notice, order the closure of this case if an amended complaint solely against Darrigan Investments LLC is *not* filed by June 1, 2023.

See ECF No. 51, p. 12 (emphasis in original). In support of this ruling, the Court stated:

>Plaintiff argues that "[w]hether or not the forum selection clause is enforceable, it is inapplicable to Darrigan Investments LLC" because "Darrigan Investments LLC did not sign either of the Franchise Agreements." (Doc. 48 at 7). The Court finds that keeping this case against Darrigan Investments LLC while the remainder of the case continues elsewhere would be the peak of judicial inefficiency and a waste of overall judicial resources. Nevertheless, as a matter of process, the Court shall allow Plaintiff to file an amended complaint against Darrigan Investments LLC if it wishes to pursue what may be financially costly, piecemeal litigation for the same overarching issue.

See ECF No. 51, p. 11. Appreciating the "judicial efficiency" and "waste of overall judicial resources" that would ensue by continuing to litigate in two courts, and given the waiver by Darrigan Investments before this Court, by Notice dated May 19, 2023, Kava Culture advised the Court that – without prejudicing its rights in this Court – Kava Culture intended to pursue Darrigan Investments in state court. See ECF No. 52. As such, the Court terminated and closed this case. See ECF No. 53.

2. The State Court Action

As it stated it would, Kava Culture filed a Verified Complaint in state court on May 19, 2023 against Darrigan Investments, David Darrigan, Dar-Jkta Enterprises, LLC, and Johnny Qubty. See Exhibit E hereto. Thereafter, despite waiving jurisdiction in this Court, Darrigan Investments filed a Motion to Dismiss for Lack of Personal Jurisdiction. See Exhibit F hereto. Despite opposition to same (see Exhibit G hereto), the Honorable Leigh Frizell Hayes dismissed Darrigan Investments without prejudice on June 6, 2023. See Exhibit H hereto.

Thereafter, Kava Culture filed an Amended Verified Complaint (the "AVC") against Darrigan Investments – and its co-defendants in the state court action – on June 12, 2023. See Exhibit I. The AVC detailed the way in which Darrigan Investments was either subject to the personal jurisdiction of the Lee County Court or, alternatively, waived its defense of personal jurisdiction. See id. Darrigan Investments, again, filed a Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction. See Exhibit J hereto. Despite opposition, again, Judge Hayes dismissed Darrigan Investments from the state court litigation on July 14, 2023. See Exhibits K and L hereto.

Earlier, Judge Hayes denied Kava Culture's Motion for Temporary Injunction which, in effect, is allowing Darrigan Investments – and its then-co-defendants in the state court action – to operate Kava Bar businesses from their formerly-franchised businesses. See Exhibit M hereto.

### **Legal Standard**

In all matters regarding reinstatement, a district court "possesses the inherent power to police its docket." Greene v. Wyndham Vacation Resorts, Inc., 2009 WL 10670376, at *1 (M.D. Fla. July 21, 2009) (vacating order of dismissal and granting reinstatement of plaintiff's complaint). Federal Rule of Civil Procedure 60(b) provides the grounds and procedure for seeking relief from a final judgment, order, or proceeding, as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion for relief under Rule 60(b) is directed to the sound discretion of the Court. Pierce Associates, Inc. v. Nemours Foundation, 865 F.2d 530, 548 (3d Cir. 1988). Although such motions are to be granted only in exceptional circumstances, Boughner v. Secretary of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir.1978), the law favors determination of controversies on the merits. Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir.1982) (setting aside default judgment). Thus, where the court has not addressed the merits of the movant's claim, a more sympathetic hearing is warranted. Id. (concluding that any doubt should be resolved in favor of granting relief so that cases will be heard on the merits).

Requests to reinstate cases that could not reasonably be prosecuted elsewhere, particularly for procedural issues, should be granted. For instance, in J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd., the court dismissed a commercial dispute without prejudice under *forum non conveniens*, specifically noting that "if Plaintiffs are unable to reinstate this action" – in this case, in a Japanese court, which was the venue specified by a forum selection clause – "then this Court will reactivate this case." 515 F. Supp. 2d 1258, 1277 (M.D. Fla. 2007); accord Avia Support Int'l, Inc. v. Acts Aero Tech. Support & Servs., Inc., 2010 WL 11505692 (S.D. Fla. Aug. 31, 2010) (agreeing to reactivate case if it could not be heard in Quebec); Snee v. Sunrise Properties, Ltd., 2009 WL 2163179 (S.D. Fla. July 17, 2009) (same for Bahamas).

**Argument**

Here, the Court, *sua sponte*, asked the parties to brief whether the forum selection clause should be enforced against the then-defendants. See ECF No. 19. The Court ultimately held that the forum selection clause must be enforced against Dar-Jkta Enterprises, LLC, Dr. Darrigan, and Johnny Qubty. See ECF No. 51. The Court also dismissed Darrigan Investments, with the explicit right to file an Amended Complaint, but noted that proceeding in two fora would be "the peak of judicial inefficiency and a waste of overall judicial resources." See id. As such, "without prejudice to its right to re-plead in any future matter," Kava Culture provided notice that it would pursue Darrigan Investments in the Lee County Court. See ECF No. 52.

For sure, despite this attempt at judicial efficiency, and despite waiving any objection to personal jurisdiction before this Court,[5] Darrigan Investments twice filed motions to dismiss for lack of personal jurisdiction. See Exhibits F and J hereto. And over Kava Culture's opposition, the state court twice granted such motions, and dismissed Darrigan Investments without prejudice. See Exhibits H and L hereto. Given these facts, and to allow Kava Culture to pursue its claims against Darrigan Investments, on the merits (see Feliciano, 691 F.2d at 656), Kava Culture respectfully requests that the Court vacate its dismissal without prejudice and reinstate the instant action against Darrigan Investments. Like in J.C. Renfroe & Sons, here, reinstatement is appropriate because the state court will not permit Kava Culture to pursue their meritorious claims against Darrigan Investments in the Lee County Court, despite the volume of evidence against Darrigan Investments, both with respect to jurisdiction and more generally.

---

[5] As set forth above, "[i]t is well-settled that lack of personal jurisdiction is a waivable defect, and that a defendant waives any objection to the district court's jurisdiction over his person by not objecting to it in a responsive pleading or a Fed. R. Civ. P. 12 motion." Palmer, supra; see also Hinkle, supra; see also Lochren, supra.

8

Kava Culture preemptively apologizes to the Court for the "waste of overall judicial resources" that will result from maintaining two actions covering similar factual issues, but Darrigan Investments' gamesmanship leaves Kava Culture with no alternative.

## Conclusion

For the foregoing reasons, Kava Culture respectfully requests that the Court vacate its dismissal without prejudice, reinstate the instant action against Darrigan Investments, only, and permit Kava Culture twenty (20) days to file an Amended Complaint stating claims against Darrigan Investments.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), Kava Culture states:

(A) Counsel for Kava Culture conferred with counsel for Darrigan Investments;

(B) Darrigan Investments does not agree to reinstatement of the instant action against Darrigan Investments; and

(C) The conference amongst counsel was via phone call and confirmed via email.

Respectfully submitted,

By: */s/ Adam Wasch*
Adam G. Wasch (FL Bar: 71082)
adam.wasch@gmlaw.com
Greenspoon Marder LLP
2255 Glades Road Suite 400E
Boca Raton, Florida 33431-7379
Phone: 561-994-221
*Attorneys for Plaintiff,*
*Kava Culture Franchise Group Corp.*

Dated: July 14, 2023

9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 14th day of July, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which is also serving same upon:

| | |
|---|---|
| Adam Allen, Esquire | Alan F. Hamisch, Esquire |
| ALLEN & ASSOCIATES | Hamisch & Hurvitz, PLLC |
| 2929 Allen Parkway, Suite 200 | 501 Goodlette Road N., Ste. A210 |
| Houston, Texas 77019 | Naples, Florida 34102 |
| Email: adam@aallenlaw.com | Email: alan@hhlawfl.com |

/s/ Adam G. Wasch